BEFORE THE SECOND DIVISION, AUGUST 26, 1946

**No. 51272.**—Protests 106542–K, etc., of John C. Sleater Co., Inc. (New York).

TILSON, Judge: The merchandise, the proper classification of which is here involved, is described on the invoice as "Rayon & Cotton Curtain Napery." The collector classified the same as being lace, or in part of lace, under paragraph 1529 (a), Tariff Act of 1930, and assessed duty thereon at the rate of 90 percent ad valorem. Plaintiff claims the merchandise to be properly dutiable at only 50 percent ad valorem under paragraph 920 of the said act, and the trade agreement with Great Britain, T. D. 49753, which provides as follows:

Lace window curtains, nets, nettings, pillow shams, and bed sets, and all other fabrics and articles, by whatever name known, plain or Jacquard-figured, finished or unfinished, wholly or partly manufactured, for any use whatsoever, made on the Nottingham lace-curtain machine, wholly or in chief value of cotton or other vegetable fiber.

At the trial of the case, counsel for the plaintiff offered and there were received in evidence as exhibit 1 the direct interrogatories of Robert Auld, who for 20 years had been managing director of Stirling, Auld & Co., Ltd., the producers and exporters of the instant merchandise. The witness also testified that he was familiar with how these goods were made and with the costs of material and manipulation; that:

As Managing Director it is my business to be aware of the cost of all goods leaving my factory. My entire life has been spent in the manufacture of these goods.

The witness also testified that the involved merchandise was made on the Nottingham lace-curtain machine, and that it was also Jacquard-figured. In response to the question:

For any given quantity of the fabrics in question please state whether the cotton or the rayon, each in its condition when ready to be united with the other, was of the greater cost to you and annex a calculation, based on the figures given by you, showing how you arrive at your conclusion as to which material is the component of chief value.

the witness replied:

The lowest weight supplied to John C. Sleater was 80 pounds per 60 yards 240 inches. The heaviest weight supplied to this firm on the same shipment was 100 pounds to 60 yards 240 inches. Therefore, in all cases the cotton content was the greater cost. Given below is a specimen costing against each weight—

*80 pounds full weight*

|  |  |  | s. | d. |
|---|---|---|---|---|
| 2/140 | 9 lbs | 8/— | 72 | 0 |
| 2/100 w | 7 lbs | 5/8 | 39 | 8 |
| 2/100 gassed | 20 lbs | 5/11 | 118 | 4 |
|  |  |  | 230 | 0 |
| 200 D | 44 lbs | 3/2 | 139 | 4 |

*100 pounds full weight*

|  |  |  | s. | d. |
|---|---|---|---|---|
| 2/140 | 9 lbs | 8/— | 72 | 0 |
| 2/100 w | 7 lbs | 5/8 | 39 | 8 |
| 2/100 gassed | 20 lbs | 5/11 | 118 | 4 |
|  |  |  | 230 | 0 |
| 200 D. Rayon | 64 lbs | 3/2 | 202 | 8 |

A sample of the merchandise was sent to the United States Customs Laboratory at New York to determine the component material of chief value. The analyst's report is with the official papers, and reads as follows:

The sample contains rayon and cotton in chief value (55.7%) of rayon.

Mr. F. Cottave, the person who analyzed the sample and made the foregoing report, appeared as a witness on behalf of the defendant. He testified that he calculated the percentages on the cost prices contained in a certain letter, which letter was not offered in evidence, and is therefore no part of the record before us. Regarding this letter, counsel for the defendant made the following statement:

Now, your Honor, I want to state for the record that I had agreed not to put this letter in evidence because while this letter was dated February 3, 1943, Mr. Klingaman showed me a letter subsequently written which explained that the prices contained in this letter were the prices of the merchandise on the date of the letter and not the prices of the merchandise at the time of joinder. But, I

just brought this out to show that the laboratory report will show a higher percentage of rayon than we are now contending because we adopted the prices and the cost prices of the deposition, so that we adopt the cost prices in the deposition of the manufacturer and not on this letter or on the prices that this witness used in arriving at his conclusion.

If, as stated by the witness, he calculated the percentages of rayon and cotton on the cost prices contained in a certain letter, and counsel for the defendant admits "that the prices contained in this letter were the prices of the merchandise on the date of the letter and not the prices of the merchandise at the time of joinder," we are unable to see how the analysis and the report thereof made under these circumstances can be given sufficient weight to overcome the testimony given by witness Auld as to the cost of the rayon and cotton at the time of joinder.

Also, in his explanation of this letter which was not offered in evidence, counsel for the defendant admits that "the laboratory report will show a higher percentage of rayon than we are now contending." Counsel makes no statement as to the percentage of rayon for which he now contends, but when he admits that the report shows a higher percentage of rayon than that for which he now contends, this is tantamount to an admission that the said report does not reflect the true facts.

After a careful examination of the record we hold that the evidence offered by the plaintiff is amply sufficient to establish a *prima facie* case in his favor, which is not overcome by the evidence offered by the defendant. This means that the plaintiff has established by competent evidence that the merchandise in this case consists of napery, nets, nettings, or other fabrics and articles, by whatever name known, Jacquard figured, made on the Nottingham lace-curtain machine, wholly or in chief value of cotton or other vegetable fiber.

This brings the merchandise squarely within the provisions of paragraph 920, Tariff Act of 1930, as modified by the trade agreement with Great Britain, T. D. 49753, and since paragraph 920 is excepted from the provisions of paragraph 1529 (a), the merchandise in this case is properly dutiable under the former paragraph at only 50 percent ad valorem.

To the extent indicated the specified claim in these two suits is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.